WICKES BOILER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22397.   Promulgated March 26, 1929.

*H. A. Mihills*, *C. P. A.*, for the petitioner.
*Harold Allen*, *Esq.*, for the respondent.

OPINION.

SMITH: The petitioner contends that its invested capital for the year 1920 should be increased by the amount of $35,875, representing the value of intangibles paid in for stock, or, as stated in its brief, the value of " the benefit of continuing to enjoy the services of the persons involved and in gaining the benefit of any designs, drawings, or plans which had been conceived and were in some state of development by the persons involved."

Section 326 of the Revenue Act of 1918 permits the inclusion in invested capital of:

(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest.

What was the property, intangible or otherwise, that was paid in to the petitioner in exchange for its $35,875 of capital stock, and how are we to determine its value? The evidence is clear that there was no specific invention, design, or patent, or any drawing of such to which any definite value can be ascribed. It may be that Fisher, Baker, and Pollak had in mind some ideas and plans that were later

1122

to prove valuable to the petitioner's business, but we do not know what they were or whether they were capable of any definite valuation at the time of petitioner's incorporation. The petitioner argues that it acquired for its $35,875 of capital stock property in the nature of good will; that the same result was reached as would have been if this amount of petitioner's stock had been issued for good will and the stock then turned over to the persons named. The facts are, however, that no stock was issued for good will. The good will, if any, came to the petitioner not from these individuals but from the Wickes Brothers corporation. We have heretofore held that the ability, will, experience, or other qualifications of individuals do not constitute good will as an item of property, and do not exist in such form that they may be the subject of transfer. See *Providence Mill Supply Co.*, 2 B. T. A. 791; *Northwestern Steel & Iron Corporation*, 6 B. T. A. 119; *Amalgamated Products Co.*, 12 B. T. A. 659.

It can not be said either that the petitioner issued the stock in question to Fisher, Baker, and Pollak in consideration for their future services for, as the evidence shows, none of them were under any contract with the petitioner to remain in its employ for any definite period of time.

Under these circumstances we can not determine that property of any value was acquired by the petitioner in exchange for the capital stock in question. The amount representing the par value of such stock was properly excluded from petitioner's invested capital.

*Judgment will be entered for the respondent.*